IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

TONY FRENCH,                                    )
                                                )       2:11-cv-01259-JO
                Plaintiff,                       )
                                                )
        v.                                       )
                                                )
SNAKE RIVER CORRECTIONAL                         )
INSTITUTION; CORP. D. EASLEY;                    )       OPINION AND ORDER
SUP. M. NOOTH; CAPT. R. REAL;                    )
LT. GILBERTSON; LT. T. JOST;                     )
CO V. VARDANEGA; CORP. C.J. HARDY;               )
CORP. D. FULWYLER; CO JENNINGS;                  )
CO T. MAZAC; CO A. ARNOLD;                       )
SIU SPECIAL INVESTIGATION UNIT                   )
J. CAPPS; AND INSPECTOR GENERAL                  )
HOTLINE OFFICE MS. P. WEIGEL,                    )
                                                )
                Defendants.

JONES, J.

        On October 19, 2011, plaintiff Tony French, a prisoner housed at the Snake River

Correctional Institution, filed a complaint (#2) under 42 U.S.C. § 1983. After the court

dismissed that complaint, plaintiff filed an amended complaint (#9) in which he alleges that

defendants, Oregon Department of Corrections officers, omitted and fabricated evidence in a

misconduct report, refused to provide laundry services and supplies, harassed him, and tampered

with and delayed his mail service. Plaintiff asserts that defendants' actions constituted violations of his First and Eighth Amendment Rights under the United States Constitution.

On February 15, 2013, defendants moved to dismiss under Fed. R. Civ. Pro. 12(b) for Failure to Exhaust (#33), and this Motion is currently before the court. Defendants' motion to dismiss prompted the court to issue plaintiff a Rule 12 notice as required by Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). In response, plaintiff expanded the record with the timely filing of a declaration which the court received on February 25, 2013. After consideration of all the evidence submitted to the court, defendants' Motion to Dismiss is granted in part and denied in part.

## STANDARDS

The Prison Litigation Reform Act ("PLRA") of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under Section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A prisoner does not satisfy the PLRA's exhaustion requirement by merely demonstrating that administrative remedies are no longer available. Woodford v. Ngo, 548 U.S. 81, 88 (2006). Instead, he must "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." Id. The exhaustion requirement is mandatory, even when the prisoner seeks relief not available in grievance proceedings. Porter v. Nussle, 534 U.S. 516, 524 (2002).

When deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20.

If the court concludes that the prisoner has not exhausted his administrative remedies, the proper remedy is dismissal without prejudice. Id at 1120.

## DISCUSSION

The Oregon Department of Corrections ("ODOC") established an administrative review procedure whereby inmates must first attempt to resolve disputes with staff through face-to-face verbal communication and then a written inmate communication form. OAR 291-109-0100(3). If face-to-face or written communication does not resolve the dispute, inmates may file a written grievance. OAR 291-109-0140(1)(a). If the inmate is not satisfied with the response he receives, he may appeal by filing a grievance appeal form. OAR 291-109-0170(1)(a). The appeal is then forwarded to the functional unit manager for review and response. OAR 291-109-0170(1)(c). The inmate may appeal the functional unit manager's response by filing a grievance appeal form with the assistant director. OAR 291-109-0170(2)(a). The assistant director's decision is final and is not subject to further review. OAR 291-109-0170(2)(d).

In his complaint, plaintiff singled out Corporal D. Easley's actions as the basis for his grievances. In support of their contention that plaintiff failed to exhaust his claim, defendants rely on the Declaration of James Taylor, Grievance Coordinator at the Snake River Correctional Institution, dated February 14, 2013. In his Declaration, Taylor attests that he made a thorough search of ODOC grievance records and found that plaintiff filed many grievances during his incarceration but none pertaining either to the allegations in his complaint or against Easley. After carefully reviewing Taylor's Declaration and his supporting documentation, I found the following: On September 13, 2011, plaintiff filed a Grievance Form directed to Corporal Easley, in which he complained that Easley first refused to collect plaintiff's laundry bag and then retrieved the laundry bag in a manner suggesting plaintiff's bag was contaminated (#35,

Attachment 3, p. 175).  Plaintiff also complained that Easley harassed him by repeatedly

activating a call button that emits a loud sound.  In response to plaintiff's Grievance Form,

Easley provided a written reply in which he gave a nonresponsive reply that he "tapped" on

plaintiff's cell door because he is required to count the living, breathing bodies and, at the time

he tapped on the cell door, plaintiff was completely covered in a blanket and did not appear to be

moving.  Id. at 177.  Plaintiff filed a Grievance Appeal Form reiterating his laundry and call

button harassment complaints and noting that his original grievance form had nothing to do with

"banging" on cell doors.  Id. at 178.  Superintendent Mark Nooth filed a Grievance Appeal

response affirming Easley's door "tapping" actions as reasonable and within his job duties for

conducting a count of living, breathing bodies.  Id. at 179.  Plaintiff appealed to the assistant

director complaining that Easley's door "banging" actions were harassment.  Id. at 180.  On

December 21, 2011, Michael Gower, Assistant Director, Operations Division of the ODOC,

issued the final administrative ruling on plaintiff's complaint.  In his ruling, Gower upheld

Easley's cell door "tapping" actions as appropriate and noted that the reason Easley did not

collect plaintiff's laundry was because he was performing a tier check.  Id. at 184.

　　　　Contrary to defendants' assertions, plaintiff filed a grievance against Easley alleging

laundry deprivation and harassment.  Although plaintiff first complained about Easley activating

the call button and at the final appeal stage complained about Easley banging the cell door, I find

the complained of actions both fall within the general area of harassment.  A pro se litigant's

pleadings must be read more liberally than pleadings drafted by counsel.  Haines v. Kerner, 404

U.S. 519, 520-21(1972).  In addition, I find that plaintiff pursued the claims through all three

levels of administrative review.  Plaintiff fully exhausted his administrative remedies as to the

laundry deprivation and harassment issues.

However, in his Amended Complaint, plaintiff raises two additional allegations against Easley. Plaintiff claims that Easley fabricated reports and omitted and edited factual evidence in reports about plaintiff. He also claims that Easley tampered with and delayed the sending and receiving of plaintiff's mail. My review of the documents provided by Taylor and the documents submitted by plaintiff in response to defendants' motion to dismiss fail to reveal any grievance filed by plaintiff against Easley as to either of these claims. For that reason, I find plaintiff did not exhaust his administrative remedies as to his allegations of fabricating reports or tampering with mail.

## **CONCLUSION**

Based on the foregoing, defendants' unenumerated Rule 12(b) Motion to Dismiss for Failure to Exhaust (#33) is DENIED in part and GRANTED in part.

IT IS SO ORDERED.

DATED this ___24th___ day of May, 2013.

Robert E. Jones
United States District Judge