IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| TONY FRENCH,<br><br>        Plaintiff,<br><br>    v.<br><br>SNAKE RIVER CORRECTIONAL INSTITUTION; CORP. D. EASLEY; SUP. M. NOOTH; CAPT. R. REAL; LT. GILBERTSON; LT. T. JOST; CO V. VARDANEGA; CORP. C.J. HARDY; CORP. D. FULWYLER; CO JENNINGS; CO T. MAZAC; CO A. ARNOLD; SIU SPECIAL INVESTIGATION UNIT J. CAPPS; AND INSPECTOR GENERAL HOTLINE OFFICE MS. P. WEIGEL,<br><br>        Defendants. | 2:11-cv-01259-JO<br><br>OPINION AND ORDER |

JONES, J.

On October 19, 2011, plaintiff Tony French, a prisoner housed at the Snake River Correctional Institution, filed an amended complaint (# 9) under 42 U.S.C. § 1983. Plaintiff alleged that defendants violated his rights under the First and Eighth Amendment by omitting and fabricating evidence in a misconduct report, refusing to provide laundry services and supplies, harassing him, and tampering with his mail service. I dismissed plaintiff's First Amendment claims for failure to exhaust. (#42) On June 7, 2013, defendants moved to dismiss

the two remaining Eighth Amendment claims for failing to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). (# 46) For the following reasons, defendants' motion to dismiss is GRANTED.

## STANDARDS

This court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915 (e)(2)(B) and 1915 (b).

In order to state a claim, plaintiff's complaint must contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that defendants violated plaintiff's constitutional rights. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556-57 (2007). "A claim has facial plausibility when the plaintiff pleas factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Because plaintiff is proceeding *pro se*, I construe the pleadings liberally and afford the plaintiff the benefit of the doubt. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

A prison official violates the Eighth Amendment only when two requirements are met. "First, the deprivation alleged must be, objectively, 'sufficiently serious[;]' a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities'[.] . . . The second requirement follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.' To violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind.' In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or

safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir.1986).

## DISCUSSION

At issue in this motion are plaintiff's allegations that Corporal Easley violated plaintiff's Eighth Amendment rights by (1) refusing to provide laundry services and supplies; and (2) harassing plaintiff by activating a call button that emits a loud sound. These allegations arise out of a single grievance filed by plaintiff. The grievance relates the following facts: On September 7, 2011, during the swing shift, plaintiff asked Easley to collect his bag of dirty clothes for the laundry. Instead, Easley walked away without the bag of laundry. At 6 pm that same day, Easley again walked past the plaintiff's bag of laundry. At 7:45, plaintiff again asked Easley to take the laundry bag and this time Easley picked up the bag "like it was contaminated with one finger of his latex glove," and deposited it in the clothing cart. Later that evening, Easley activated the in cell call button that emitted an offensive noise in plaintiff's cell. When plaintiff asked Easley what he wanted, Easley replied that he hadn't done anything. When plaintiff asserted that Easley had set off the call button, Easley told plaintiff to "shut the hell up."

In essence, plaintiff asserts that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when Easley failed to collect plaintiff's laundry bag of dirty clothes for a few hours, activated a loud in cell call button and verbally abused plaintiff. These allegations are not "sufficiently serious" to form the basis of an Eighth Amendment violation. See Wilson v. Seiter, 501 U.S. 294, 298 (1991) ("[O]nly those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an

3   Opinion and Order

Eighth Amendment violation." (citation and internal quotation marks omitted)). Here, plaintiff was not deprived of sanitation services. As noted in his complaint, plaintiff's laundry was eventually collected and placed in the clothing cart. Furthermore, a single incident involving the activation of the in cell call button and an impatient response containing an expletive do not rise to the level of the "wanton and unnecessary infliction of pain" contemplated by the Eighth Amendment. Plaintiff failed to allege facts sufficient to satisfy the first requirement of the Farmer test.

Taking as true all the facts alleged by plaintiff, I find his complaint does not satisfy the objective requirement of the test expressed in Farmer. Plaintiff has failed to allege sufficient factual matter to give rise to a plausible inference that defendants violated plaintiff's Eighth Amendment right against cruel and unusual punishment.

## CONCLUSION

Reading the pleading as liberally as possible and giving plaintiff the benefit of doubt, I find the alleged actions of defendants did not rise to the level of cruel and unusual punishment in violation of plaintiff's Eighth Amendment right. Defendants' Motion to Dismiss is GRANTED.

IT IS SO ORDERED.

DATED this \_\_\_12<sup>t</sup>\_\_\_ day of August, 2013

Robert E. Jones
United States District Judge